**Christopher J. Drotzmann, OSB No. 962636**
Email: cdrotzmann@davisrothwell.com
**Sean D. McKean, OSB No. 204142**
Email: smckean@davisrothwell.com
**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 S.W. Market Street, Suite 1800
Portland, Oregon 97201
Tel:  (503) 222-4422
Fax:  (503) 222-4428

Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| MICHELLE HUME,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GUARDIAN MANAGEMENT, LLC; UPTOWN TOWER APARTMENTS; LISA SIMONSON<br><br>　　　　　　Defendants. | Case No. 3:21-cv-517-JR<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**Oral Argument Requested** |

### LR 7-1 Certification

Counsel for Defendants conferred with counsel for Plaintiff on May 16, 2022 in a good faith effort to resolve the dispute.

### LR 7-2 Certification

Counsel for Defendants certifies that this motion complies with the word- and page-limit set forth in Local Rule 7-2.

/ / /

Page 1   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

L:\3500.0043-Hume\PLD\MSJ\MSJ.docx

**DAVIS ROTHWELL**
**EARLE & XÓCHIHUA P.C.**
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422  F (503) 222-4428

## MOTION

Defendants move this court for an order, pursuant to Fed. R. Civ. P. 56, dismissing Plaintiff's claims.

## STATEMENT OF FACTS

Plaintiff is a tenant at Uptown Tower Apartments in Portland, Oregon. *Complaint*. Defendant Uptown Tower Apartments is the owner of Uptown Tower Apartments. Defendant Guardian Management, LLC is the property management company for Uptown Tower Apartments. Defendant Lisa Simonson is the property manager for Uptown Tower Apartments and an employee of Defendant Guardian Management, LLC.

Uptown Towers Apartments has a parking garage for use by residents. *Declaration of Lisa Simonson* ¶ 3. There are, however, currently more residents of Uptown Towers Apartments that have requested a parking space than there are available parking spaces in the Uptown Towers parking garage. *Decl. Simonson* ¶ 4. As a result, Uptown Towers uses a waitlist and provides parking spaces to residents as those parking spaces become available. *Decl. Simonson* ¶ 4. Accessible parking spaces are also limited in the Uptown Towers parking garage. *Decl. Simonson* ¶ 5. As of February 2021, the accessible parking space in the Uptown Towers parking garage was already assigned to disabled residents. *Decl. Simonson* ¶ 6. Since February 2021, no accessible parking spaces have become available to assign to another resident. *Decl. Simonson* ¶¶ 5-7.

In February 2021, Plaintiff submitted a request for accommodation to Defendants, requesting the "[i]mmediate assignment of a permanent parking space[.]" ECF 2-1. At the time of Plaintiff's request, there were no available parking spaces to be assigned. *Decl. Simonson* ¶ 6. Prior to her accommodation request, Plaintiff had been placed on Defendants' waiting list for the

Page 2   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

L:\3500.0043-Hume\PLD\MSJ\MSJ.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422  F (503) 222-4428

next available parking spot. *Decl. Simonson* ¶ 6. As a result, Defendants informed Plaintiff that they were unable to provide her with an assigned parking space. *Decl. Simonson* ¶ 6.

Plaintiff filed this lawsuit in April 2021. *Complaint*. Plaintiff alleges that Defendants denied her reasonable accommodation when Defendants filed to provide her with a "designated accessible disability parking space." *Complaint*. In response, counsel for Defendants sent Plaintiff a letter informing Plaintiff that there were no available accessible parking spaces, that she had been placed on the waitlist, and that she would be notified when a parking space became available. *Declaration of Christopher Drotzmann* ¶ 3, Ex D.

On July 5, 2021, Defendants offered to assign parking space #5 to Plaintiff. *Decl. Simonson* ¶ 8, Ex. A. Although Plaintiff never executed a parking agreement, she began parking in parking space #5. *Decl. Simonson* ¶ 10. Defendants have made no effort to exclude or prevent Plaintiff from parking in parking space #5, despite her failure to execute a parking agreement. *Decl. Simonson* ¶ 10.

On July 13, 2021, Plaintiff's counsel represented to Defendants that parking space # 5 "does meet [Plaintiff's] needs for a reasonable accommodation." *Decl. Drotzmann* ¶ 4, Ex. E. However, Plaintiff sought an additional accommodation request to strike two terms in the parking agreement. *Decl. Drotzmann* ¶ 4, Ex. E. Specifically, plaintiff sought to strike the requirements that her vehicle be moved at least every three days and that she not back into her parking space. *Decl. Drotzmann* ¶ 4, Ex. E& F. Defendants granted Plaintiff's accommodation request and have sent Plaintiff a revised parking agreement that excludes those terms. *Decl. Simonson* ¶ 12, Ex. C. Plaintiff has yet to sign the agreement, but continues to park in parking space #5. *Decl. Simonson* ¶ 10. Despite Plaintiff's failure to execute the parking agreement, Defendants have permitted Plaintiff to continue parking in parking space #5. *Decl. Simonson* ¶ 10.

Page 3    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

L:\3500.0043-Hume\PLD\MSJ\MSJ.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

On July 29, 2021, Plaintiff sent Defendants another accommodation request seeking an "accessible handicap/disabled parking space[.]" *Decl. Simonson* ¶ 9, Ex. B. Specifically, Plaintiff requested the "#5 parking space and adjacent parking space with lines and posted sign for Michelle Hume." *Decl. Simonson* ¶ 9, Ex. B. Plaintiff's second accommodation request was made after Defendants had already permitted her to park in parking space #5 and after Plaintiff's counsel informed Defendants that parking space # 5, alone, was sufficient to accommodate her needs. *Decl. Simonson* ¶ 10; *Decl. Drotzmann* ¶ 4, Ex. E.

At the time of Plaintiff's July 29, 2021 request, the requested parking space adjacent to parking space #5 was already assigned to another tenant. *Decl. Simonson* ¶ 11. The parking space adjacent to parking space #5 has remained assigned to another tenant since that time. *Decl. Simonson* ¶ 11. Unlike Plaintiff, the tenant in that adjacent parking space has executed a parking agreement, a contract, for use of that parking space. *Decl. Simonson* ¶ 11.

Defendants are unable to provide Plaintiff with an accessible parking space because there are no such parking spaces available. Defendants, however, provided Plaintiff a parking space that, by her own admission, is sufficient to accommodate her needs at the earliest feasible opportunity. Moreover, Defendants *granted* Plaintiff's reasonable accommodation requests related to that parking space to the extent of their abilities. And Defendants have even permitted Plaintiff to continue parking in parking space #5 to accommodate her needs, despite her failure to execute the revised parking agreement. Despite Defendants continual efforts to accommodate Plaintiff, Plaintiff alleges that Defendants have discriminated against her by failing to reasonably accommodate her parking needs. Defendants are entitled to summary judgment.

/ / /

/ / /

/ / /

Page 4   **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

L:\3500.0043-Hume\PLD\MSJ\MSJ.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

# LEGAL MEMORANDUM

## A.     Legal Standard.

A party is entitled to summary judgment if the party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

A court should view the evidence in the light most favorable to the non-moving party. *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions" the "mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient" to preclude summary judgment. *Anderson*, 477 U.S. at 252, 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 578 (1986).

## B.     Plaintiff Has Been Provided with a Parking Space That She Has Represented as Sufficient to Accommodate Her Disability.

Plaintiff's reasonable accommodation claim fails because there is no question of material fact that Defendants have provided Plaintiff with a reasonable accommodation sufficient to alleviate the disability-related concern at issue.

The Fair Housing Amendments Act ("FHAA") prohibits discrimination in the terms, conditions, or privileges of the rental of a dwelling unit, including the refusal to make reasonable accommodations, when such accommodations are necessary to afford a person equal opportunity

Page 5    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

L:\3500.0043-Hume\PLD\MSJ\MSJ.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

to use and enjoy a dwelling as a non-disabled person would. 42 U.S.C. § 3604(f)(3)(B). "However, the statutes do not require defendants to provide the best possible accommodation, nor must the plaintiff's individual preferences be taken into account when choosing the means of accommodation, so long as the means chosen are reasonable accommodations." 15 Am. Jur. 2d Civil Rights § 388; *accord Noll v. Int'l Bus. Machines Corp.*, 787 F.3d 89, 95 (2nd Cir. 2015); *Temple v. Hudson View Owners Corporation*, 222 F.Supp.3d 318, 324 (S.D.N.Y. 2016); *Wynne v. Tufts Univ. School of Medicine*, 1992 WL 46077 at *1 (D.Mass. 1992); *Carter v. Bennett*, 651 F.Supp. 1299, 1301 (D.D.C. 1987), *aff'd*, 840 F.2d 63 (D.C. Cir. 1988).

Defendants have provided Plaintiff with parking space #5. *Decl. Simonson* ¶¶ 8, 10. Plaintiff has represented that parking space #5 "does meet her needs for a reasonable accommodation." *Decl. Drotzmann* ¶ 4, Ex. E. Beyond providing Plaintiff with a parking space that meets her needs, Defendants have also granted two *additional* reasonable accommodation requests related to parking space #5. *Decl. Simonson* ¶ 12. Thus, Defendants have provided Plaintiff with sufficient reasonable accommodation, even if all of Plaintiff's exact requests have not been provided. As a result, Defendants are entitled to summary judgment.

**C.    Plaintiff's Request for an Accessible Parking Space is Not Reasonable.**

Plaintiff's reasonable accommodation claim related to the failure to provide her with an accessible parking space or assign her a second adjacent space fails because the request is not reasonable. Defendants cannot provide Plaintiff with a parking space that they do not have, and cannot violate the contractual rights of other tenants to accommodate Plaintiff.

To establish a claim for discrimination on a theory of failure to reasonably accommodate, a plaintiff must demonstrate that (1) she suffers from a disability as defined by the FHAA; (2) the defendants knew or should have known of the plaintiff's disability; (3) accommodation is necessary to afford a plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the

Page 6    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

L:\3500.0043-Hume\PLD\MSJ\MSJ.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

defendants refused to make such an accommodation. *Budnick v. Town of Carefree*, 518 F.3d 1109, 1119 (9th Cir. 2008) (quoting *Giebler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003)). "[O]nly 'reasonable' accommodations are required by the FHAA." *Giebler*, 343 F.3d at 1148. "[A]n accommodation is reasonable under the FHAA when it imposes no fundamental alteration in the nature of the program or undue financial or administrative burdens." *Id.* at 1157 (quotation marks omitted). Plaintiff bears the burden of demonstrating that the particular accommodation requested is reasonable. *Id.* at 1157.

Plaintiff's requested accommodation is not reasonable. Defendants did not have an accessible parking space to provide to Plaintiff at the time of her request. *Decl. Simonson* ¶ 6. Nor have Defendants had an accessible parking space to provide to Plaintiff since she made her request. *Decl. Simonson* ¶ 7. Defendants cannot provide Plaintiff with a parking space that they do not have. Defendants also cannot remove the disabled tenant that the accessible parking space has been assigned to so that Plaintiff may have that parking space. *See Laurin v. Providence Hosp.*, 150 F.3d 52, 60 (1st Cir. 1998) (accommodation not reasonable where it requires interference with contractual rights of others). Thus, Plaintiff's request for accommodation is not reasonable.

In the alternative, Plaintiff has requested to be assigned two parking spaces, parking space #5 and an adjacent parking space, to accommodate her need for an accessible parking space. *Decl. Simonson* ¶ 9, Ex. B. As an initial matter, Plaintiff had already begun parking in parking space #5, already represented to Defendants that parking space #5 was adequate for her needs, and Defendants had already granted two other reasonable accommodation requests related to parking space #5 prior to Plaintiff's July 29, 2021 reasonable accommodation request. *Decl. Simonson* ¶ 10, 12; *Decl. Drotzmann* ¶ 4, Ex. E. Thus, Plaintiff's requested accommodation was not necessary.

Page 7   **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

L:\3500.0043-Hume\PLD\MSJ\MSJ.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422  F (503) 222-4428

In any event, the request is also not reasonable. First, At least one district court has held that a request for two adjacent parking spaces for a single tenant is not a reasonable accommodation as a matter of law. *See Temple*, 222 F.Supp.3d. at 324. Second, the parking space adjacent to parking space #5 is assigned to another tenant. *Decl. Simonson* ¶ 11. That tenant has entered into a contract for their use of that parking space. *Decl. Simonson* ¶ 11. It is not reasonable, as a matter of law, to require Defendants to remove that tenant from their parking space so that it may be assigned to Plaintiff. *See Laurin*, 150 F.3d at 60. Because Plaintiff's requested accommodation is not reasonable, as a matter of law, her claim for denial of reasonable accommodation fails and Defendants are entitled to summary judgment.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that this court grant their motion for summary judgment.

DATED this 19th day of May, 2022.

        DAVIS ROTHWELL
        EARLE & XÓCHIHUA P.C.

        */s/ Christopher J. Drotzmann*
        _____
        Christopher J. Drotzmann, OSB No. 962636
        Email: cdrotzmann@davisrothwell.com
        Sean D. McKean, OSB No. 204142
        Email: smckean@davisrothwell.com
        Of Attorneys for Defendants

Page 8  **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

L:\3500.0043-Hume\PLD\MSJ\MSJ.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422  F (503) 222-4428