Mark G. Passannante, OSB#944035
Broer & Passannante, P.S.
8904 NE Hazel Dell Avenue
Vancouver WA 98665
(503)294-0910
mark@broerandpassannante.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - PORTLAND DIVISION

MICHELLE HUME,

          Plaintiff,

    v.

GUARDIAN MANAGEMENT, LLC,
UPTOWN TOWER APARTMENTS, LISA SIMONSON,

          Defendants.

Case No.  3:21-cv-517-JR

RESPONSE TO MOTION FOR SUMMARY JUDGMENT

**Factual Background**

Plaintiff, Michelle Hume ("Hume") is a residential tenant of defendant and moved into the Uptown Tower Apartments ("Uptown") in 2014. *Declaration of Hume,* ¶ 1. Defendant Guardian Management, LLC ("Guardian") manages the apartment complex and defendant Lisa Simonson ("Simonson") is the current onsite manager at Uptown. *Declaration of Hume, ¶ 1.*

Hume has a mobility disability, uses a wheelchair on a regular basis and is not able to walk long distances. *Declaration of Hume ¶ 2.* Hume qualifies for a handicap parking permit from the state of Oregon and, at the time she moved into the complex, had to use her wheelchair full time. *Id.*

When Hume moved into the complex she inquired about the availability of parking. Hume was told that parking was limited and that she was on a waiting list for a parking space. *Declaration of Hume ¶ 4.* In addition, Hume made several oral requests for a parking space as a

PAGE 1 - RESPONSE TO MOTION FOR SUMMARY JUDGMENT
    BROER & PASSANNANTE P.S.
    8904 NE Hazel Dell Avenue
    Vancouver, WA 98665
    Ph: 503-294-0910

reasonable accommodation for her disability and one informal written request in 2015. *Id.* Hume was not provided a parking space in either the West Burnside Garage or the lobby garage located on the premises. *Id.* Finally, after having received no response to her requests, Hume made another request for an assigned parking space as a reasonable accommodation in February 2021. The request was received by Simonson in March 2021. *Declaration of Hume* ¶ 7. Still, Hume did not get a response until she emailed to follow up in April 2021. *Id.* Hume was told again that no parking spaces were available for use, which Simonson described as a denial of the request for a reasonable accommodation. *Id., Declaration of Simonson.* The emails with Simonson were followed on April 9, 2022 by a letter from Guardian's counsel stating that the request for accommodation was granted but, again, there were no spaces available. *Declaration Hume* ¶ 9.

Throughout Hume's tenancy a second garage referred to by Hume as the West Burnside garage has had available spaces for parking. *Declaration of Hume,* ¶ 5. The West Burnside garage advertises available parking spaces and directs inquiries to the phone number for Simonson. *Declaration of Hume* ¶ 6. At the time of the February 2021 request for reasonable accommodation, Hume observed 11 available parking spaces in the West Burnside garage. *Declaration of Hume* ¶ 6. Guardian did not discuss availability of the West Burnside garage with Hume, despite Hume's specific request. *Declaration of Hume* ¶ 7. While not responding to Hume's request to park in the West Burnside garage, another disabled tenant at Uptown, Scot in unit 601, moved his car from a public handicap parking space into the West Burnside garage, accessing the same with a remote control only available from Guardian. *Declaration of Hume* ¶ 8. Scot has parked his vehicle in the West Burnside garage since that time. *Id.* Hume has also observed another Uptown tenant, Larry Johnson, park his vehicle in the West Burnside garage. Hume has also observed several employees of Guardian parking in the lobby garage using up some of those limited spaces and, also parking in the West Burnside garage. *Declaration of Hume* ¶ 3, ¶ 11. Hume accepted a parking space, number 5, in the lobby garage when it became available. *Declaration of Hume* ¶ 11. Hume followed up the with another formal request for a

handicap accessible space on July 29, 2021.  *Declaration of Simonson, Exhibit B.*  Since Hume made the July29, 2021 request, another space opened up in the lobby garage but it was assigned to another tenant.  *Declaration of Hume* ¶ 12.  Guardian has still not responded to Hume's request related to parking in the West Burnside garage or the other requests made in the July 29, 2021 request for reasonable accommodation or offer alternatives that may meet Hume's current needs for parking her vehicle to accommodate her disability.  *Declaration of Hume* ¶ 12-13.

**Legal Issues**

**1.    Standard for Summary Judgment**

A party is entitled to summary judgment if the party demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  FRCP 56(a).  In assessing entitlement to summary judgment, the Court must take the evidence in the light most favorable to the non-moving party.  *Pavoni v. Chrysler Group, LLC* 789 F3d 1095, 1098 (9th Cir. 2015).  In moving for summary judgment a party is required to identify the claim or defense or part of the claim or defense that it is moving against.  FRCP 56(a).

**2.    Elements of a Failure to Reasonably Accommodate Disability Claim.**

> The elements of a § 3604(f)(3)(B) claim are:
> (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation [in rules, policies, practices, or services] of the handicap may be necessary to afford the handicapped person an equal opportunity [i.e., equal to a non-handicapped person] to use and enjoy the dwelling; (4) that the accommodation [in rules, policies, practices, or services] is reasonable; and (5) that defendant refused to make the requested accommodation.
> *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1190 (9th Cir. 2021).

Here, defendants move for summary judgment relying on the last two elements of Hume's claim. First, defendants argue that by assigning Hume a space acceptable to her at the time, defendant has granted the only accommodation it is required to grant.  Second, that Hume's request for signage and an accessible parking space or to use more than one parking space is not reasonable.   Defendants have not disputed in their motion that Hume has a handicap under the fair housing act, nor is there a dispute that defendants have known about Hume's disability and

1 need for a parking space as a reasonable accommodation.

2 **3. Defendant's failure to make a parking space available to Hume in the West
3 Burnside garage is actionable and not resolved by defendant providing space 5 in the lobby
4 garage.** Defendants motion is dependent on only one garage being available to Uptown
5 residents. Defendants, however, have not providing evidence that a parking space in the West
6 Burnside garage could not have been made available to Hume prior to July 5, 2021. Both before
7 and after the February 8, 2021 formal request for accommodation, Guardian has operated the
8 West Burnside garage. Hume avers that she has made requests for reasonable parking
9 accommodation prior to the February 8, 2021 but received no response other than to state she
10 was on a waiting list with no further information provided to her about the length of the list nor
11 her place on the waiting list. Hume has also demonstrated that Guardian has provided parking in
12 the West Burnside garage to other Uptown residents.

13 An unreasonable delay in granting a request for accommodation can be a denial of the
14 request for accommodation. In order to establish denial by delay, a plaintiff must prove either
15 that the delay is unreasonable or, alternatively, was motivated by discriminatory intent. Hume
16 has established both for purposes of the instant motion. *Brooks v. Seattle Hous. Auth.*, No.
17 C12-0878-JCC, 2015 U.S. Dist. LEXIS 67923 (W.D. Wash. May 26, 2015). Here, Hume has
18 been requesting a parking space, including in the West Burnside garage for years. Available and
19 accessible parking is a well recognized accommodation granted to other mobility impaired
20 tenants. *Astralis Condo. Ass'n v. Sec'y, United States Dep't of Hous. & Urban Dev.*, 620 F.3d 62
21 (1st Cir. 2010) (recognizing that parking availability is a well recognized request for
22 accommodation by tenants with mobility impairment and finding that a one year delay sufficient
23 to state a claim). And, as here, other courts have held that stonewalling a request for
24 accommodation sufficient to prove an unreasonable delay. *See Calero-Cerezo v. United States
25 DOJ*, 355 F.3d 6 (1st Cir. 2004).

26 Here the stonewalling involves the availability of parking in the West Burnside garage,

PAGE 4 - RESPONSE TO MOTION FOR SUMMARY JUDGMENT

including the availability of handicap accessible parking. Guardian has long refused to respond to Hume's request for a parking space in the West Burnside garage. And, while there is no stand alone claim for failing to engage in an interactive discussion with the tenant about a requested accommodation, the lack of response is evidence of a failure to accommodate and discriminatory intent. "If a landlord is skeptical of a tenant's alleged disability or the landlord's ability to provide an accommodation, it is incumbent upon the landlord to request documentation or open a dialogue." *Jankowski Lee & Associates v. Cisneros*, 91 F.3d 891, 895 (7th Cir. 1996). Here, that open dialogue should have begun with a discussion about the availability of the West Burnside garage and, if not available to Hume why it was made available to other Uptown residents, one of whom has been using a handicap accessible space at the West Burnside garage.

When viewed in the light most favorable to Hume, she has provided evidence that there is a genuine issue of material fact that defendant refused to grant her accommodation by an unreasonable delay and/or failing to provide a space in the West Burnside garage supporting a claim for violation of the fair housing act and damages. *See Alexander v. Riga*, 208 F.3d 419 (3d Cir. 2000).

**4.     Defendants' continued failure to provide signage for Hume or an accessible parking space in the West Burnside garage are likewise actionable.**

Hume does not pursue a claim that her current space must be widened by removing the parking space currently rented to another resident. With that said, the July 29, 2021 request for accommodation does not only request widening of the space she is currently using but also a general request for an accessible parking space. The availability of accessible parking at the West Burnside garage including other spaces that better suit Hume's needs were not offered by her manager nor discussed. Guardian has consistently provided Hume with only one response to her requests: There are only limited spaces available for parking in the one garage Guardian acknowledges is available to Uptown residents. Defendants motion ignores, though, Hume's requests to park in the West Burnside garage. While ignoring Hume's request, Guardian has

PAGE 5 - RESPONSE TO MOTION FOR SUMMARY JUDGMENT

made the same garage available to other Uptown residents.

Whether the current parking space continues as a grant of Hume's request for reasonable accommodation hinges on the availability of other accessible parking to Uptown residents. Hume has provided evidence that the West Burnside garage has accessible spaces and is made available to other Uptown residents and, thus, defendant's cure of the accommodation request remains a material fact subject to genuine dispute.

While addressing the July 29, 2021 request for reasonable accommodation, defendant's motion does not discuss Hume's request for signage.  Reserved parking for a mobility impaired tenant is likewise a well-recognized reasonable accommodation, including signage. *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328 (2d Cir. 1995) (noting that individually reserved parking spaces are one of the examples provided in 24 C.F.R. § 100.204(b) describing the type of things a landlord may be required to do to reasonably accommodate a tenant's disability).  Defendant takes no other issue with that aspect of the July 29, 2021 request for accommodation and the Court should deny the motion for summary judgment to the extent that it claims it has satisfied the July 29, 2021 request for reasonable accommodation.

For all of the reasons discussed above, Hume respectfully requests that defendants' motion be denied.

July 12, 2022

Broer & Passannante, P.S.

*/s/Mark G. Passannante*
Mark G. Passannante, OSB#944035
Attorney for Plaintiff
mark@broerandpassannante.com

Service by ecf on July 12, 2022 to:
Chris Drotzmann and Sean McKean
Attorneys for defendants