IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHELLE HUME, | Case No. 3:21-cv-517-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| GUARDIAN MANAGEMENT LLC, UPTOWN TOWER APARTMENTS, and LISA SIMONSON, | |
| Defendants. | |

Mark G. Passamante, BROER & PASSAMANTE PS, 8904 NE Hazel Dell Ave., Vancouver, WA 98665. Of Attorneys for Plaintiff.

Christopher Drotzmann, DAVIS ROTHWELL EARLE & XOCHIHUA PC, 200 SW Market St., Suite 1800, Portland, OR 97201. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff Michelle Hume brings this lawsuit against Defendants Guardian Management LLC, Uptown Tower Apartments (Uptown Tower), and Lisa Simonson for alleged violations of the Fair Housing Act (FHA), 42 U.S.C. § 3604(f). Plaintiff contends that Defendants discriminated against her because of her disability by failing to provide her with an accessible parking space and failing to install signage at her assigned parking space at Uptown Tower.

PAGE 1 – OPINION AND ORDER

Defendants argue that they have already granted Plaintiff's reasonable requests for accommodation and that Plaintiff's additional requests are not reasonable. Before the Court is Defendants' motion for summary judgment. For the reasons explained below, the Court grants Defendants' motion.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## BACKGROUND

Plaintiff suffers from a medical condition that limits her mobility, requires Plaintiff to occasionally use a wheelchair, and substantially limits Plaintiff's ability to walk long distances. ECF 39-1, ¶ 2. Plaintiff resides at Uptown Tower. *Id.* Uptown Tower provides affordable housing for seniors over the age of 62 and for individuals with disabilities. ECF 44, ¶ 3.

PAGE 2 – OPINION AND ORDER

Approximately 87 percent of Uptown Tower residents have disabilities, which includes approximately 50 to 60 residents with mobility limitations. *Id.*

Upon moving into Uptown Tower in 2014, Plaintiff asked if the building's residential garage had any available parking spaces. ECF 39-1, ¶ 4. Defendants informed Plaintiff that none were available and put Plaintiff on a waiting list. *Id.* The following year, Plaintiff submitted an informal written request for a parking space. *Id.* Plaintiff remained on the waiting list until February 2021, when Plaintiff submitted a formal request for accommodation. *See* ECF 39-1, Ex. 2. Plaintiff's request asked for "[i]mmediate assignment of a permanent parking space in the lobby garage of [U]ptown [T]owers or the basement garage on West Burnside." *Id.*

The "basement garage" is a commercial parking garage that Uptown Tower owns and operates as an enterprise separate from its operation of the apartment complex in which Plaintiff resides. ECF 44, ¶ 4. The entrance to the commercial garage is located on West Burnside Street and contains parking spaces for cars. *Id.* ¶¶ 5-6. Uptown Tower offers those car parking spaces to the public at a rate of $175 per month. *Id.* ¶ 4. All spaces in the commercial garage are occupied, and there is a waiting list for those spaces when they become available. *Id.* ¶ 6. To access Uptown Tower from the commercial garage, an individual would have to leave the commercial garage entrance on West Burnside Street and enter the building from the street. *Id.* ¶ 5. Plaintiff has observed other Uptown Tower tenants park in the commercial garage. ECF 39-1, ¶ 3.

In April 2021, Defendants denied Plaintiff's request for accommodation because all parking spaces in the residential garage were assigned to other tenants. ECF 24, ¶ 6; ECF 39-1, ¶ 7. Ms. Simonson, the property manager of Uptown Tower, informed Plaintiff that she was third on the waiting list and that Uptown Tower would provide her with a parking space as soon as one became available. ECF 24, ¶ 6; ECF 39-1, ¶ 7. In July 2021, parking space number five

became available, and Ms. Simonson offered it to Plaintiff. ECF 24, ¶ 8; ECF 39-1, ¶ 11.

Plaintiff accepted the offer. ECF 39-1, ¶ 111.

On July 13, 2021, Plaintiff's counsel informed Defendants' counsel that Plaintiff was

satisfied that parking space number five "meet[s] her needs for a reasonable accommodation"

and made two additional requests for accommodation. ECF 25-2, Ex. E. First, Plaintiff requested

that Defendants allow Plaintiff to leave her car parked for more than three days at a time and that

Defendants allow Plaintiff to back her car into the space so that she can get in and out of the car

more easily. *Id.* Defendants granted Plaintiff's requests and removed those restrictions from her

parking agreement. ECF 24, ¶ 12. Plaintiff began to park in space number five in July 2021 but

has yet to sign the parking agreement. *Id.* ¶ 10.

On July 29, 2021, Plaintiff submitted an additional written request for accommodation.

ECF 24-2, Ex. B. Plaintiff's additional request asks for an "accessible handicap/disabled parking

space for [Plaintiff] on [the] lobby garage in #5 parking space and [an] adjacent parking space

with lines and posted sign for Michelle Hume." *Id.* The "lobby garage" is the residential garage.

ECF 39-1, ¶ 3. Parking space number five is not an accessible space as defined by Oregon law,[1]

and at that time, the space adjacent to parking space number five was assigned to another tenant.

ECF 24, ¶ 11. That adjacent space remains assigned to another tenant. *Id.* The accessible parking

space in the residential garage is currently assigned to another disabled tenant. *Id.* ¶ 5.

## DISCUSSION

The FHA makes it unlawful "[t]o discriminate against any person in the terms,

conditions, or privileges of sale or rental of a dwelling, or in the provision of service or facilities

---

[1] *See* Oregon Revised Statutes § 447.233(c) ("Accessible parking spaces shall be at least nine feet wide and shall have an adjacent access aisle that is at least six feet wide.").

PAGE 4 – OPINION AND ORDER

in connection with such dwelling because of a handicap." 42 U.S.C. § 3604(f)(2) (as amended by Pub. L. No 100-430, 102 Stat. 1619 (1988)). Under the FHA, discrimination includes "a refusal to make reasonable accommodations in rules policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to enjoy the dwelling." *Id.* § 3604(f)(3)(B).

To establish a *prima facie* case of a refusal to make a reasonable accommodation, a plaintiff must show that: (1) he or she suffers from a "handicap" as defined by 42 U.S.C. § 3602(h); (2) the defendants knew or should reasonably be expected to know of the plaintiff's handicap; (3) the accommodation of the handicap "may be necessary" to afford the plaintiff an equal opportunity to use and enjoy the dwelling; (4) the accommodation is reasonable; and (5) the defendants refused to make such accommodation. *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006).

Plaintiff bears the burden of showing that a requested accommodation "seems reasonable on its face." *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1156 (9th Cir. 2003). If Plaintiff meets this initial burden, Defendants may rebut the presumption of reasonableness and necessity by showing that "the accommodation would cause undue hardship in the particular circumstances." *Kuhn v. McNary Estates Homeowners Ass'n, Inc.*, 228 F. Supp. 3d 1142, 1147 (D. Or. 2017). Defendants are only obligated to provide an accommodation if it is both necessary and reasonable. *Giebeler*, 343 F.3d at 1148. "[A]n accommodation is reasonable under the FHAA when it imposes no fundamental alteration in the nature of the program or undue financial or administrative burdens." *Id.* at 1157 (quotation marks omitted).

Defendants move for summary judgment on the basis that they have already granted Plaintiff's reasonable requests, that Plaintiff has represented that those accommodations meet her

needs, and that Plaintiff's additional requests are not reasonable. Plaintiff argues that Defendants violated the FHA by granting Plaintiff's first request after an unreasonable delay and that Defendants continue to violate the FHA by failing to provide Plaintiff with an accessible parking space in either Uptown Tower's commercial or residential garage and by failing to implement signage at parking space number five in the residential garage. Plaintiff withdraws her request for an additional parking space adjacent to parking space number five. *See* ECF 39, at 5. Thus, the issues for the Court to decide is whether Defendants granted Plaintiff's first request after an unreasonable delay, whether Plaintiff's request for either an accessible parking space or signage at parking space number five is reasonable on its face and if so, whether there is any genuine issue that the accommodation would cause Defendants undue hardship.

As for Plaintiff's argument related to unreasonable delay, the undisputed facts show that Defendants did not unreasonably delay granting Plaintiff a parking space. Though the Ninth Circuit has not spoken on this issue, district courts have held that a plaintiff may show the defendant constructively denied a request for accommodation by causing an unreasonable delay or bad faith delay in granting the request. *See Elliott v. QF Circa 37, LLC*, 2018 WL 2933467, at *10 (S.D. Cal. June 12, 2018). Plaintiff relies on *Brooks v. Seattle Housing Authority*, 2015 WL 3407415 (W.D. Wash. May 26, 2015), in which the court found that there was a genuine issue about whether defendants had constructively denied the plaintiff's request for accommodation because the defendants had yet to implement the accommodation at the time of the court's opinion, more than two and a half years after the plaintiff submitted her request. *Id.* at *6. Here, Defendants have granted Plaintiff's first request and did so within five months. The five-month delay was not unreasonable or made in bad faith because there were no parking spaces available in the residential lot during that time, and even if there were available parking

PAGE 6 – OPINION AND ORDER

spaces in the commercial garage, Defendants operated the commercial garage as a separate

enterprise not related to Uptown Tower. Further, as explained below, requiring Defendants to

provide parking in their commercial garage would impose an undue hardship on Defendants. The

Court therefore concludes that Defendants did not constructively deny Plaintiff's first request.

As for Plaintiff's second request, Defendants argue that an accessible parking space in

either the residential or commercial garage is not a reasonable accommodation. Other than

Plaintiff's statement that she occasionally must use a wheelchair, Plaintiff has introduced no

evidence or argument explaining why she requires an accessible parking space. Plaintiff's first

request for accommodation only asked for a permanent parking space, not an accessible one, and

Defendants granted that request. After stating that Plaintiff's exclusive parking space satisfied

her needs with two additional accommodations that Defendants granted, Plaintiff submitted a

second request for accommodation asking for an accessible parking space. In Plaintiff's second

request, Plaintiff left blank the section that asked Plaintiff to explain why the accommodation is

necessary for the full enjoyment of her dwelling. *See* ECF 24-2, Ex. B. Nevertheless, drawing all

inferences in Plaintiff's favor, the Court will assume that Plaintiff's request for an accessible

parking space is reasonable on its face.

The Court agrees with Defendants, however, that under the circumstances of this case,

the undisputed facts show that allotting Plaintiff an accessible parking space would impose an

undue hardship on Defendants. There are currently no accessible parking spaces available in

either the commercial or residential garage. Thus, granting Plaintiff's request would require

Defendants to remove other disabled individuals from their assigned accessible parking spaces in

favor of Plaintiff. The FHA does not require such a result. *See Desch v. Wheatley*, 2010

WL 11506404, at *8-9 (W.D. Tex. Jan. 19, 2010) (concluding that after the defendant had

granted the plaintiff's request for a parking space near his apartment, plaintiff's additional request for two specific parking spaces was not reasonable because other tenants were already assigned to those parking spaces).

Additionally, even though Plaintiff has withdrawn her request for the parking space adjacent to space number five, the undisputed facts also show that requiring Defendants to convert two regular parking spaces into one accessible parking space is not reasonable. There are currently no available parking spaces in either the commercial or residential garage and there are waiting lists for spaces in both garages. Thus, under the circumstances of this case, requiring Defendants to create a new accessible parking space would cause Defendants to remove the individual currently assigned to the converted parking space. And at least in the residential garage, that other individual very well may be disabled with mobility limitations. *See* ECF 44, ¶ 3 (stating that approximately 87 percent of Uptown Tower residents have disabilities, including 50 to 60 individuals with mobility limitations). Further, requiring Defendants to forgo the revenue it receives from the commercial garage would impose financial burden and alter the nature of Defendants' business operation. *See Giebeler*, 343 F.3d at 1157. Moreover, the Court notes that Plaintiff's July 29th request for an accessible parking space specifically requested for a space in the residential garage, not the commercial garage. *See* ECF 24-2, Ex. B.

As for Plaintiff's request for signage at parking space five, Plaintiff has offered no explanation or evidence to show why a sign stating "for Michelle Hume" is necessary for her equal use and enjoyment of her apartment. In her July 29th request for accommodation, Plaintiff left blank the section that asked Plaintiff to "explain why the accommodation/modification . . . is necessary for [Plaintiff] to fully enjoy [her] dwelling." *See* ECF 24-2, Ex. B. Plaintiff's brief relies on *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328 (2d Cir. 1995), but does not explain why

PAGE 8 – OPINION AND ORDER

Plaintiff requires a sign at her assigned exclusive parking space. Plaintiff points to the Second

Circuit's discussion of 24 C.F.R. § 100.204(b), which provides that a landlord with more parking

spaces than tenants would likely be required to make available a parking space near a disabled

tenant's apartment. *See id.* at 335. Plaintiff does not explain how *Shapiro* or 24 C.F.R.

§ 100.204(b) supports her request for signage. Defendants have assigned parking space number

five exclusively to Plaintiff, and Plaintiff represented that this parking space meets her needs for

accommodation. Plaintiff has introduced no evidence showing why a sign at parking space five

stating "for Michelle Hume" is necessary for her equal use and enjoyment of her dwelling. Thus,

Plaintiff has not met her burden to show that her request for signage is reasonable on its face.

## CONCLUSION

The Court GRANTS Defendants' motion for summary judgment (ECF 23). Defendants

may raise their request for fees under 42 U.S.C. § 3613(c)(2) in a separate motion.

**IT IS SO ORDERED**.

DATED this 10th day of August, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge