IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MICHELLE HUME**,

    Plaintiff,

v.

**GUARDIAN MANAGEMENT LLC,
UPTOWN TOWER APARTMENTS,** and
**LISA SIMONSON**,

    Defendants.

Case No. 3:21-cv-517-SI

**ORDER**

**Michael H. Simon, District Judge.**

    Plaintiff Michelle Hume (Hume) brought this lawsuit against Defendants Guardian Management LLC (Guardian), Uptown Tower Apartments, and Lisa Simonson (collectively, Defendants) for alleged violations of the Fair Housing Act (FHA), 42 U.S.C. § 3604(f). Hume contended that Defendants discriminated against her because of her disability by failing to provide her with an accessible parking space and unreasonably delayed in accommodating her. The Court granted Defendants' motion for summary judgment.

    Before the Court are several motions from both parties. Hume, now proceeding *pro se*, moves for reconsideration of the Court's summary judgment opinion under Rule 60 of the Federal Rules of Civil Procedure, or in the alternative, for appointment of counsel and a stay of appeal pending that appointment of counsel.[1] Defendants move for attorney's fees. ECF 47. For

---

[1] The Court interprets Hume's alternative motion as a motion for an extension of time to file a notice of appeal, as discussed below. Hume also moves in the alternative for summary

PAGE 1 – ORDER

the reasons discussed below, the Court grants in part Hume's motion for reconsideration, vacates its Judgment, and issues an Amended Opinion and Order granting in part Defendants' motion for summary judgment. The Court denies Defendants' motion for attorneys' fees as moot.

### A.  Plaintiff's Motion for Reconsideration

Hume requests reconsideration of the Court's summary judgment opinion because Hume's counsel purportedly failed to present the Court with accurate facts and evidence in opposition to summary judgment, and opposing counsel and Defendants purportedly submitted false and misleading information to the Court in support of summary judgment. Hume list numerous facts, but most of them were already included in the summary judgement record. The new facts are not appropriate to consider on reconsideration because they could have been raised at summary judgment, and, regardless, are not material.

Rule 60(b) of the Federal Rules of Civil Procedure governs reconsideration of "a final judgment, order, or proceeding" of the district court. The rule allows a district court to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2020) (cleaned up); *see also Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999) (noting that "reconsideration is appropriate only in very limited circumstances"). The party making the Rule 60(b) motion bears "the burden

---

judgment, which the Court denies because, although the Court grants in part Hume's motion for reconsideration, the Court is not relying on any new evidence and Hume's underlying argument at summary judgment only raises a genuine issue of fact for the jury to decide.

PAGE 2 – ORDER

of proving that they have met the Rule's requirements." *Jeff D. v. Otter*, 643 F.3d 278, 283 (9th Cir. 2011).

Hume mentions "legal malpractice as excusable neglect" and "fraud upon the court" in addition to her personal illness and disabilities as grounds for reconsideration under Rule 60(b). Her personal illness and disabilities are not appropriate grounds for reconsideration, particularly when she was represented by counsel. Excusable neglect "covers cases of negligence, carelessness, and inadvertent mistake." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). "As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004); *see also Latshaw v. Trainer Wortham & Co. Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. . . . [P]arties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims."); *Allmerica Fin. Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 665-66 (9th Cir. 1997) ("[A]ttorney error is insufficient grounds for relief under . . . Rule 60(b)(1)."). Thus, Hume's contentions that her attorney was negligent or provided substandard representation are not grounds for reconsideration under Rule 60(b)(1).

Insofar as Hume moves for reconsideration under Rule 60(b)(3), fraud by an opposing party, the Court does not find that Hume has satisfied her burden to "prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other

misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey*, 362 F.3d at 1260 (rejecting plaintiff's Rule 60(b) motion that focused on the "alleged inexperience and/or malpractice" of plaintiff's attorneys). Courts place a "high burden" on a party seeking relief from judgment based on fraud on the court. *Latshaw*, 452 F.3d at 1104. "[I]n order to provide grounds for relief, the fraud must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.* Hume fails to meet this high burden.

The Court liberally construes Hume's filing as requesting reconsideration under Rule 60(b)(6). Generally, Rule 60(b) is not the appropriate vehicle to challenge summary judgment because of evidence or arguments that were not, but could have been, introduced beforehand. *See, e.g.*, *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987) ("Evidence is not 'newly discovered' under [Rule 60(b)(2)] if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence."); *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987) ("[Rule 60(b)(3)] is aimed at judgments which were unfairly obtained, not at those which are factually incorrect."); *see also James v. United States*¸603 F. Supp. 2d 472, 482 (S.D.N.Y. 2009) ("Rule 60(b) is not the proper vehicle to raise a new allegation of ineffective assistance of counsel."). All the evidence that Hume presents now could have been presented at summary judgment. Thus, reconsideration is denied on these grounds. Regardless, the new factual issues that Hume now raises are not material to the Court's basis for granting summary judgment.

In reviewing the facts submitted at summary judgment by Hume's counsel in considering Hume's motion for reconsideration, however, the Court concludes that the facts set forth in its Opinion and Order resolving the motion for summary judgment were not fully described in the

light most favorable to Hume, as the non-moving party. Additionally, the Court drew inferences in favor of Defendants, instead of in favor of Hume, including that Defendants were not on notice that Hume needed a parking accommodation because she only used her wheelchair some of the time. Hume provided evidence that she requested a parking accommodation for years, and as a result of the improper inferences drawn by the Court, the Court only addressed Hume's argument of delay based on the five months from Hume's formal, written request because that was when the Court found Defendants were on notice of Hume's disability and need for an accommodation. Upon further reflection, the Court concludes that was not a proper application of the summary judgment standard, based on the facts provided by Hume at summary judgment. Thus, as explained in the Amended Opinion and Order filed contemporaneously herewith, the Court finds that there is a genuine issue of fact for the jury to decide as to whether Defendants unreasonably delayed, and therefore constructively denied, accommodating Hume from the time of her original request in 2014 through July 2021, when Defendants provided Hume with an assigned parking spot. The Court declines to reconsider any of its other conclusions in its summary judgment Opinion and Order.

**B.  Plaintiff's Motion for Stay**

Hume requests a "stay of appeal and/or a stay of these proceedings" so that she can file an appeal. The Court construes this as a motion for an extension of time to file a Notice of Appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Because the Court grants in part Hume's motion for reconsideration, the Court denies this motion as moot.

**C.  Plaintiff's Motion for Appointment of Counsel**

Hume also requests appointment of counsel "to perfect an appeal." Because the Court grants in part Hume's motion for reconsideration and this case will continue before this Court, Hume will not be proceeding with an appeal at this time. The Court denies Hume's motion for

PAGE 5 – ORDER

appointment of counsel to perfect an appeal as moot. The Court declines to appoint new counsel for Hume to proceed with her case before this Court.

### D. Motion for Equitable Resolution

Hume also requests "alternatively equitable remedies." The Court construes this as a request that the Court refer this case to a U.S. Magistrate Judge for a judicial settlement conference. The Court shall do so, so the parties may endeavor to resolve the remaining claim.

### E. Defendants' Motion for Attorney's Fees

Defendants move for an award of reasonable attorney's fees and costs. Because the Court has granted Hume's motion for reconsideration in part, the Court denies this motion as moot.

### F. Conclusion

The Court DENIES Defendants' motion for attorney's fees, ECF 47. The Court also GRANTS IN PART AND DENIES IN PART Hume's motion for reconsideration, ECF 52. The Court hereby VACATES its Opinion and Order (ECF 45) and Judgment (ECF 46) and issues contemporaneously herewith an Amended Opinion and Order on Defendants' motion for summary judgment. The Court DENIES Hume's motion for appointment of counsel, summary judgment, and motion for extension of time to file a notice of appeal, ECF 52. The Court Clerk will contact the clerks of U.S. Magistrate Judges in an effort to facilitate a judicial settlement conference.

IT IS SO ORDERED.

DATED this 21st day of December, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 6 – ORDER