# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHELLE HUME**, | Case No. 3:21-cv-517-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **GUARDIAN MANAGEMENT LLC, UPTOWN TOWER APARTMENTS, and LISA SIMONSON**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Michelle Hume brings this lawsuit against Guardian Management LLC, Uptown Tower Apartments, and Lisa Simonson (collectively, Defendants) for alleged violations of the Fair Housing Act (FHA), 42 U.S.C. § 3604(f). The sole remaining claim in this case concerns whether Defendants unreasonably delayed granting Plaintiff's request for a parking accommodation between 2014 and July 2021.

On February 5, 2024, Defendants filed a second Motion for Summary Judgment. Before the Court is Plaintiff's Motion to Strike Defendants' Second Summary Judgment Motion. For the reasons explained below, the Court grants Plaintiff's motion.

## A. Procedural Background[1]

On August 10, 2022, the Court issued a now-vacated Opinion and Order (Vacated Opinion) (ECF 45) granting Defendants' first Motion for Summary Judgment on all of Plaintiff's claims. On September 6, 2022, Plaintiff moved for reconsideration (*see* ECF 52).[2] On December 21, 2022, the Court issued an Order (ECF 53) granting in part Plaintiff's motion for reconsideration and vacating the August 10th Opinion. Concurrent with that Order, the Court issued an Amended Opinion and Order (Amended Opinion) (ECF 54), granting in part Defendants' first Motion for Summary Judgment. In the Amended Opinion, the Court denied Defendants' motion with respect to "Plaintiff's claim for damages under the Fair Housing Act that Defendants unreasonably delayed and therefore constructively denied Plaintiff's requests for a reasonable parking accommodation from 2014 until Defendants granted the request in July 2021." ECF 54 at 12.

More than one year later, on February 5, 2024 (one month before the two-day jury trial that is scheduled to begin on March 5th), Defendants filed a second Motion for Summary Judgment (ECF 86). Plaintiff promptly moved to strike Defendants' motion (*see* ECF 90).

---

[1] The relevant factual background may be found in the Court's Amended Opinion and Order. *See* ECF 54 at 2-5.

[2] Plaintiff's filing was titled "Alternative Remedies for Equitable Resolution"; the Court construed that filing, in part, as a motion for reconsideration.

**B.  Discussion**

Plaintiff moves to strike Defendants' second Motion for Summary Judgment on several grounds. Plaintiff argues that there is no new controlling caselaw, or new evidence that could not have been obtained and included in Defendants' first Motion for Summary Judgment, that would justify the filing of a second summary judgment motion—especially so close to trial. Plaintiff contends that Defendants provide no valid reason for waiting more than a year after the Court issued its Amended Opinion to file their motion. Plaintiff also asserts that she will be unfairly prejudiced by the filing of a second summary judgment motion at this stage, especially considering the trial preparation that she has already begun and will need to complete in the coming weeks. Plaintiff states that she will be prejudiced even if the second Motion for Summary Judgment is heard and decided before the March 4th pretrial conference.

Defendants respond that they should be permitted to file a second summary judgment motion in part because the Court construed a filing submitted by Plaintiff's as a motion for reconsideration without informing Defendants that it had done so or otherwise providing notice that the Court was considering amending its earlier Opinion. Defendants also assert that the Amended Opinion "is inconsistent with [the Court's] prior findings"; their second summary judgment motion "was filed in response to [that] inconsistency"; and clarifying that purported inconsistency would be in the interest of judicial efficiency. Finally, Defendants offer to expedite the filing of their summary judgment reply brief and assert that the Court's consideration of their second Motion for Summary Judgment will not significantly affect Plaintiff's trial preparation.

In their second Motion for Summary Judgment, Defendants reprise—often verbatim— several arguments previously raised in their briefing on the first Motion for Summary Judgment. Defendants also raise new arguments, but do not point to any additional evidence on which they rely that could not have been obtained and argued in their first Motion for Summary Judgment.

Nor do Defendants point to any change in controlling law that occurred after the Court issued its

Amended Opinion. To the extent that Defendants raise arguments in their second Motion for

Summary Judgment that were raised or could have been raised in their first Motion for Summary

Judgment, the Court finds those arguments duplicative and untimely and thus declines to

consider them. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (acknowledging

that "district courts retain discretion to 'weed out . . . repetitive motions'" for summary judgment

(alteration added) (quoting *Knox v. Sw. Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997))); *see also,*

*e.g.*, *Doherty v. Portland Cmty. Coll.*, 2000 WL 33200560, at *3 (D. Or. Nov. 15, 2000)

(denying the plaintiff's request to file a second summary judgment motion when there had been

no change in applicable law and no new facts had come to light); *Slack v. O'Fairoll*, 2013

WL 1010683, at *1 n.2 (W.D. Wash. Jan. 14, 2013) (striking as duplicative a second motion for

summary judgment that "merely reiterate[d] arguments made by plaintiff in his original motion

papers"); *MCM Cap. Partners, LLC v. Saticoy Bay LLC Series 6684 Coronado Crest*, 2018

WL 4113332, at *3 (D. Nev. Aug. 29, 2018) (declining to consider arguments that were

"duplicative of arguments that [the plaintiff] ha[d] already made" in a previous motion for

summary judgment and that the court had rejected, when the plaintiff had offered no new

evidence in support of those arguments); *Armentero v. Willis*, 2013 WL 144253, at *2-5 (E.D.

Cal. Jan. 11, 2013) (denying the defendant's motion for leave to file a second summary judgment

motion, noting that the "'expanded factual record' that defendant claims to now have before it

does not include any evidence that could not have been obtained and included in defendant's first

motion for summary judgment"); *cf. Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir.

1986) ("Much of the value of summary judgment procedure in the cases for which it is

appropriate . . . would be dissipated if a party were free to rely on one theory in an attempt to

PAGE 4 – ORDER

defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory." (quotation marks omitted)).

The only decision on which Defendants rely that had not been issued when Defendants filed their first summary judgment motion is the Court's Vacated Opinion. Defendants maintain that "the Court's Amended Opinion is inconsistent with its prior findings" in the Vacated Opinion. Defendants now seek summary judgment on Plaintiff's remaining claim, based in part on those "prior findings." *See, e.g.*, ECF 86 at 4, 9. Although the Vacated Opinion remains available on CM/ECF, it has been vacated and substituted with the Amended Opinion. *See* ECF 53 at 6. Thus, even if the Vacated Opinion were inconsistent with the Amended Opinion, to the extent that the Court permitted Plaintiff's claim of unreasonable delay to go forward, the Court has reconsidered any aspect of the Vacated Opinion that would have foreclosed that claim.[3]

---

[3] In arguing that the two Opinions are inconsistent, Defendants also misconstrue the Court's analysis in the Vacated Opinion. Quoting the Vacated Opinion, Defendants argue that "[t]his [C]ourt has already found that 'requiring Defendants to provide parking in their commercial garage would impose an undue hardship on defendants.'" ECF 86 at 9; *see also* ECF 91 at 2 (similar). The Court did not, however, find that an accommodation permitting Plaintiff to park in the commercial garage would have been per se not reasonable, as Defendants suggest.

In a discussion in the Vacated Opinion addressing the *five-month* period between February 2021 (when Plaintiff submitted a formal parking accommodation request) through July 2021 (when Defendants provided Plaintiff with an assigned parking spot) the Court concluded, on multiple grounds, that the five-month delay was not unreasonable. In support of that conclusion the Court stated in part: "Further, *as explained below*, requiring Defendants to provide parking in their commercial garage would impose an undue hardship on Defendants." ECF 45 at 7 (emphasis added). As the court then "explained below," creating a new *accessible* space for Plaintiff (a further accommodation Plaintiff sought) was not required under the FHA, in part because "[t]here are *currently* no available parking spaces in either the commercial or residential garage and there are waiting lists for spaces in both garages." *Id.* at 8 (emphasis added). The Court did not conclude that an accommodation providing Plaintiff parking in the commercial garage would have been, at *any* point, per se not reasonable. And as Defendants acknowledge in their second Motion for Summary Judgment, between 2014 and 2021 "[s]paces

As noted, Defendants also point out that the Court issued its Amended Opinion without providing Defendants with notice that the Court was considering amending its earlier Opinion. The Court, however, reconsidered its Vacated Opinion because the Court concluded that it had applied the wrong legal standard in ruling on the first Motion for Summary Judgment—specifically, that the Court erred in failing to evaluate the relevant facts in a light most favorable to Plaintiff and had erroneously drawn inferences in favor of Defendants, instead of in favor of Plaintiff. *See* ECF 53, at 4-5. Defendants identify no error in that conclusion.[4]

For all the above reasons, the Court grants Plaintiff's Motion to Strike.

## CONCLUSION

The Court GRANTS Plaintiff's Motion to Strike Defendants' Second Summary Judgment Motion (ECF 90). The Court STRIKES Defendants' Motion for Summary Judgment (ECF 86).

**IT IS SO ORDERED.**

DATED this 13th day of February, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judgany other

---

*were* available in the commercial garage, including, at various times, the accessible parking space." ECF 86 at 7 (emphasis added).

[4] Because the Court finds that the above reasons warrant granting Plaintiff's Motion to Strike, the Court does not reach Plaintiff's additional arguments.